UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-61856-CIV-ALTONAGA/Brown

**COLONY INSURANCE COMPANY**,

    Plaintiff,

vs.

**MILDRED DUPREY DE ROBLES**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Defendant, Mildred Duprey De Robles's ("De Robles['s]") Motion for Post Judgment Attorney's Fees (the "Motion") [D.E. 75], filed December 18, 2009. The Court has carefully considered the parties' submissions and the applicable law.

### I. BACKGROUND

One school day in 2006, Bryan Pepitone, then a 26-year-old teacher at Westlake Preparatory School, Inc., went to lunch with and allegedly kissed Naomi J. Robles ("Robles"), then a 17-year-old senior at the school. Westlake, which had been insured under a commercial general-liability policy issued by Colony Insurance Company ("Colony"), later expelled Robles.[1] Because the expulsion and the incident with Pepitone allegedly injured Robles, De Robles "made a claim" on behalf of her daughter against the policy in April 2006 (*see* Pet. [D.E. 1] ¶ 13), and, in July 2007, filed a state-court negligence and assault-and-battery action against Westlake and Pepitone (the "underlying case" or the "state-court case"). De Robles did not name Colony as a defendant in the underlying case.

---

[1] The reason for Robles's expulsion was never fully explained.

Case No. 08-61856-CIV-ALTONAGA/Brown

In November 2008 Colony filed a declaratory judgment action in this Court against Westlake, Pepitone, and De Robles, alleging it had neither a duty to defend nor a duty to indemnify Westlake or Pepitone in the underlying case. According to Colony, the policy did not cover the allegations of De Robles's Complaint from which Colony's obligations to Westlake and Pepitone would be determined. *See Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1292 (11th Cir. 2006) ("[A]n insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." (quoting *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442 (Fla. 2005)).

As the case proceeded, De Robles's Complaint changed — and changed, and changed. First, it became known in March 2009 that the operative complaint was not what Colony had based its action on, but rather was the "Amended Complaint," which De Robles had filed in September 2007.[2] Colony then moved for summary judgment in July 2009, based not on De Robles's Complaint or "Amended Complaint," but rather on a "1st Amended Complaint," which De Robles filed in May 2009.[3] Then, on July 31, De Robles amended the state-court pleading for a final time. It was De Robles's "2nd Amended Complaint" on which Westlake's response to Colony's motion was based, not on her Complaint, "Amended Complaint," or "1st Amended Complaint."[4]

---

[2] Westlake attached the Amended Complaint to its Motion to Dismiss. (*See* Am. Compl. [D.E. 19-1]).

[3] Colony attached the First Amended Complaint to its Motion for Final Summary Judgment. (*See* 1st Am. Compl. [D.E. 41-2]).

[4] Westlake attached the 2nd Amended Complaint to its Statement of Unresolved Material Facts and Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment. (*See* 2nd Am. Compl. [D.E. 55-1]).

2

Case No. 08-61856-CIV-ALTONAGA/Brown

Meanwhile, De Robles filed a Counterclaim alleging Colony "had in place a policy of insurance to cover the damages for the Defendant's [sic], Mildred Duprey De'Robles as natural mother of Naomi Robles and incorporates the plaintiff's insurance policy filed with [Colony]'s complaint into this counter-claim." (Countercl. [D.E. 30] ¶ 13). De Robles "move[d] this Court to declare that there is coverage for the acts that took place in the amended complaint and award attorney's fees and costs" under Section 627.428(1) of the Florida Statutes. (*Id.* 4). De Robles later filed a cross motion for summary judgment, seeking an order declaring that the policy covered the allegations in her 2nd Amended Complaint. (*See* Def.'s Cross Mot. for Summ. J. [D.E. 54] 6).[5]

Based on the 2nd Amended Complaint, *see State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) ("Coverage is determined from examining the most recent amended pleading, not the original pleading."), the Court granted in part and denied in part Colony's motion for summary judgment. The Court concluded Colony had a duty to defend Westlake but no duty to defend or indemnify Pepitone. (*See* Order [D.E. 64]). On the Counterclaim, the Court entered judgment against Colony and in favor of De Robles "to the extent the Counterclaim sought a declaration that Colony owed a duty to defend Westlake for any claims asserted against Westlake in the Second Amended Complaint." (Final J. [D.E. 65] ¶ 4).

After two unsuccessful attempts,[6] De Robles now moves for an award of attorney's fees based on the judgment.

---

[5] De Robles's cross motion was later denied for failure to comply with the Local Rules. (*See* Aug. 11, 2009, Order [D.E. 56] 2).

[6] De Robles's two prior motions for attorney's fees were denied without prejudice for failure to comply with the Local Rules. (*See* Order [D.E. 68]; Order [D.E. 72]).

3

Case No. 08-61856-CIV-ALTONAGA/Brown

## II. ANALYSIS

The relevant statute of the Florida Insurance Code provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

FLA. STAT. § 627.428(1).

In the Motion, De Robles contends her daughter — who is neither a named insured nor a named beneficiary under the policy — is an "omnibus insured," *i.e.*, "one who is covered by a provision in the policy but not specifically named or designated." *Cont'l Cas. Co. v. Ryan Inc. E.*, 974 So. 2d 368, 374 (Fla. 2008) (citing *Indus. Fire & Cas. Ins. Co. v. Prygrocki*, 422 So. 2d 314, 315 (Fla. 1982)). Specifically, De Robles contends her daughter is an omnibus insured under a provision of the policy called "Coverage C Medical Payments," according to which Colony "will pay medical expenses . . . for 'bodily injury' caused by an accident." (Def.'s Mot. ¶ 10). De Robles contends she is entitled to attorney's fees because the Court entered judgment against Colony and in favor of De Robles. Colony disagrees because De Robles never raised as an issue her daughter's "potential status as an omnibus insured under the Coverage C of the policy, and there has been no adjudication in her favor on this issue." (Pl.'s Resp. [D.E. 76] 5).

Three cases address the availability of attorney's fees under Section 627.428(1) to omnibus insureds, and a review of them is helpful in resolving the Motion. In *Prygrocki* the Florida Supreme Court resolved a conflict (and "substantial confusion" created by *Roberts v. Carter*, 350 So. 2d 78 (Fla. 1977)) among Florida's district courts of appeal and held, consistent with the plain language

Case No. 08-61856-CIV-ALTONAGA/Brown

of the statute, that attorney's fees under Section 627.428(1) are available to omnibus insureds. 422 So. 2d at 315–16. In *Prygrocki* a pedestrian was struck and injured by a car insured under a policy. According to the policy, the insurer would cover medical expenses due to bodily injuries sustained by a pedestrian struck by the car. The insurer denied coverage, and the pedestrian sued to recover his medical expenses. Recognizing later on that it had wrongfully denied coverage, the insurer paid its policy limits to the pedestrian but refused to pay attorney's fees. The trial court denied the pedestrian's claim for attorney's fees, but the appellate court reversed, which reversal was later approved by the Florida Supreme Court, concluding that the pedestrian was an omnibus insured under the policy and hence entitled to an award of attorney's fees under Section 627.428(1). *Id.* at 315.

In *Vaughan v. Progressive American Insurance Co.*, 435 So. 2d 889 (Fla. 1st DCA 1983), a passenger in a car involved in a car accident sued the driver and the driver's insurer. The insurer then filed a declaratory judgment action against the driver and the passenger to determine coverage under its policy. The insurer dismissed the passenger, but the passenger later intervened and prevailed on a motion for a directed verdict against the insurer. The trial court denied the passenger's motion for attorney's fees incurred defending against the declaratory-judgment action and entered judgment in favor of the driver and against the insurer. The judgment, however, did not "adjudicate [the passenger]'s status as an 'omnibus insured,' []or . . . otherwise address the rights, duties or obligations of [the insurer] and [the passenger] with respect to each other." *Id.* at 889 n.2. Contending she was entitled to attorney's fees as an omnibus insured, the passenger appealed.

The district court of appeal affirmed, stating it "could not on the record . . . agree that [the

5

Case No. 08-61856-CIV-ALTONAGA/Brown

passenger] is necessarily entitled to an award of attorney's fees." *Id.* at 891.

> In order to fit this case into the *Prygrocki* mold . . . it is necessary to first determine whether she is an "omnibus insured" under the . . . policy. Secondly, if she is an "omnibus insured" is she entitled to an award of fees only if the claims made by or against her derive from her status as an insured, or is she entitled to an award of attorney's fees even if only her third-party beneficiary claims under the liability coverage are at stake?

*Id.* (footnote call number omitted). Regarding the second question, the court observed that *Prygrocki* "does not expressly rule on whether attorney's fees are awardable to one who is an 'omnibus insured,' when the litigation in which the attorney's fee question arises involves a claim under coverage provisions as to which the claimant is not an 'insured.'" *Id.* at 891 n.4. The Court noted that it appeared the passenger "asserted no claim under the . . . policy other than as a third party beneficiary with respect to the liability protection afforded to [the driver] by [the insurer]." *Id.* The Court further noted that the passenger's "status as an 'insured' for the purpose of claiming fees under the statute may well depend upon whether [the insurer]'s declaratory judgment complaint implicated the [passenger]'s status as an insured under provisions other than the liability section of the policy." *Id.*

Last is *State Farm Fire & Casualty Co. v. Kambara*, 667 So. 2d 831 (Fla. 4th DCA 1996) (Pariente, J.). In *Kambara* the plaintiff was a resident of an apartment complex, which was insured under a premises-liability policy. While at the complex the plaintiff was injured, and he sought reimbursement of medical expenses under a medical-payments provision of the policy. When the insurer denied his claim, the plaintiff sued the insurer to recover his expenses. Later the insurer stipulated on coverage but not attorney's fees. The district court of appeal accepted jurisdiction to resolve whether "a claimant for Med Pay provisions of a premises liability policy of insurance [is]

an omnibus insured . . . or a third party claimant." *Id.* at 832. The court concluded the plaintiff was an omnibus insured because he was entitled to receive benefits directly from the insurer through the medical-payments provision without regard to liability. *Id.* at 834.

The *Kambara* court went on to explain the differences between omnibus insureds and third-party beneficiaries, who may not recover attorney's fees under Section 627.428(1).[7]

> An individual can be both an omnibus insured seeking first-party benefits under an insurance contract and also be a third-party beneficiary under the liability provisions of the coverage when suing the tortfeasor. In the case of the omnibus insured, the individual's rights are derived directly from his or her status under a clause of the insurance policy without regard to the issue of liability; if the individual fits within the class he or she is entitled to first-party benefits.
>
> . . . .
>
> In the case of the third-party beneficiary, the benefits inure directly to the tortfeasor who is the insured. The benefits flow to the injured person only if that person successfully establishes liability against the tortfeasor. When an injured person sues to establish liability coverage, that person is suing to establish the rights of the tortfeasor which then indirectly inure to his or her benefit upon successfully establishing a right to recover against the tortfeasor. The difference in the way benefits are derived from an insurance policy is significant for purposes of establishing who is and who is not an omnibus insured rather than a third-party beneficiary.

*Id.* at 833–34 (citation omitted).

Under these cases, one who is entitled to benefits under a medical-payments provision without regard to liability in an insurance policy is an omnibus insured who may be entitled to an award of attorney's fees under Section 627.428(1). Yet these cases make clear there are instances where one who may otherwise be an omnibus insured may not recover attorney's fees even where the person is involved in litigation ending in his or her favor — such as where a person's status as

---

[7] *Roberts*, 350 So. 2d at 79; *Kambara*, 667 So. 2d at 832 & n.1.

an omnibus insured was never adjudicated (*Vaughan*) or where the person sues not as an omnibus insured but as a third-party beneficiary (*Kambara*).

Colony alleges De Robles "made a claim" on the policy through a letter in 2006. Since the letter is not in the record, it is not clear exactly what "made a claim" means. According to a reservation-of-rights letter written by Colony's claims adjuster to Westlake, "Colony ha[d] been placed on notice of a claim that ha[d] been asserted against [Westlake]." (*See* Letter from Denise Rather, Senior Examiner, to Westlake (July 25, 2006) [D.E. 59-3])). It is therefore unclear whether De Robles sought reimbursement for medical expenses under Coverage C due to the alleged injuries Robles suffered. *Assuming* she did, De Robles was asserting her daughter's status as an omnibus insured because she was seeking benefits directly from Colony through a provision in the policy. *See Prygrocki*, 422 So. 2d at 315; *Kambara*, 667 So. 2d at 834.

But that is the only time since the incident with Pepitone that De Robles may have asserted her daughter's status as an omnibus insured under the policy. In the state-court case De Robles sued Westlake and Pepitone for negligence and assault and battery, but she never sued or otherwise sought reimbursement of medical expenses from Colony. If De Robles had prevailed, then Westlake, Pepitone, or both would have been liable to De Robles. Any payments that De Robles would have received from Colony would have been through Westlake or Pepitone — *if* Colony was required to indemnify them.[8] De Robles was not seeking first-party benefits under the policy on behalf of her

---

[8] Because the underlying case was ongoing when Colony's motion for summary judgment was decided, the Court never resolved the question of indemnity. *See Ill. Ins. Exchange v. Scottsdale Ins. Co.*, 679 So. 2d 355, 358 (Fla. 3d DCA 1996) ("The duty to indemnify is narrower than the duty to defend, and there must be a determination that coverage exists *before* a duty to indemnify arises." (emphasis added)); *Int'l Surplus Lines Ins. Co. v. Markham*, 580 So. 2d 251, 254 (Fla. 2d DCA 1991) ("[I]f [an insurer] has a

Case No. 08-61856-CIV-ALTONAGA/Brown

daughter. *See Kambara*, 667 So. 2d at 834. Whether Robles was an omnibus insured appears never to have been an issue.

In the declaratory judgment action Colony sued Westlake, Pepitone, and De Robles[9] for a declaration that it did not owe Westlake and Pepitone either a duty to defend or a duty to indemnify in the underlying case. That was the entire relief Colony sought. According to De Robles, Colony admitted the policy applied to her daughter (or admitted she was entitled to benefits under the policy) because of the following allegation in Colony's petition:

> [T]here are conditions and/or exclusions in the Colony policy which operate to preclude coverage for Westlake under the policy. This lack of coverage applies to both Colony's duty to defend Westlake and its duty to indemnify Westlake for any damages awarded in favor of [Robles] against Westlake in the [state-court] lawsuit.

(Def.'s Mot. 6 (quoting Pet. ¶ 17 (capitalization altered)). This allegation does no such thing. Consistent with the relief Colony sought, Colony merely alleged (1) it had no duty to defend Westlake and Pepitone, and (2) it had no duty to indemnify Westlake and Pepitone in the underlying case. In her Counterclaim De Robles alleged her daughter suffered "pain and suffering," the policy did not exclude her claims against Westlake and Pepitone, and she sought a declaration "that there is coverage for the acts that took place in the amended complaint" of the underlying case. (*See* Countercl. ¶¶ 14, 16, 18–19 & 4). De Robles alleged an entitlement to attorney's fees under Section

---

duty to defend, then any determination as to its duty to indemnify should be deferred until the issue of [the insured's] liability is decided." (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 535 (Fla. 1977)). Since then the underlying case has been dismissed. (*See* Pl.'s Resp. [D.E. 70-5] Ex. E). Because Westlake is not liable to De Robles, it follows that Colony need not indemnify Westlake. (As stated, the Court concluded Colony had no duty to defend or indemnify Pepitone.)

[9] Colony claimed it added De Robles as a defendant "to ensure that the findings of the court in the declaratory judgment proceeding are binding for both the insured and the claimant." (Pl.'s Resp. [D.E. 23] 4).

9

Case No. 08-61856-CIV-ALTONAGA/Brown

627.428(1). (*See id.* ¶¶ 24–25). And in her cross motion for summary judgment, De Robles sought an order declaring that the policy covered the allegations in her 2nd Amended Complaint. (*See* Def.'s Cross Mot. for Summ. J. 6).

But neither in the Counterclaim nor in the cross motion did De Robles seek reimbursement of medical expenses, reference Coverage C, or in any way seek benefits directly from Colony. In its petition, Colony did not seek to adjudicate Robles's rights as an omnibus insured under the policy. Further, the parties never stipulated or agreed that Robles was entitled to receive benefits directly from Colony. *See Prygrocki*, 422 So. 2d at 315 ("After suit was filed, [insurer] agreed that [pedestrian] was entitled to recover under the policy."); *Kambara*, 667 So. 2d at 832 ("The parties subsequently stipulated to his entitlement to the benefits . . . ."). And the Court never so adjudicated. *See Vaughan*, 435 So. 2d at 889 n.2 ("The final judgment does not specifically adjudicate [the passenger]'s status as an 'omnibus insured' . . . ."). The Court entered judgment against Colony and in favor of De Robles only "to the extent the Counterclaim sought a declaration that Colony owed a duty to defend Westlake for any claims asserted against Westlake in the Second Amended Complaint." (Final J. ¶ 4). This judgment benefitted Robles because it preserved the possibility that Colony would have to indemnify Westlake for any damages De Robles might have recovered against it. But it did not adjudicate Robles an "omnibus insured" or otherwise require Colony to provide benefits directly to Robles.

### III. CONCLUSION

This case was never about Robles's entitlement to receive benefits directly from the Colony policy. The underlying case was about Westlake's and Pepitone's alleged negligence and assault and

Case No. 08-61856-CIV-ALTONAGA/Brown

battery. This case (including De Robles's Counterlclaim) was about whether Colony had a duty to defend or indemnify Westlake and Pepitone in the underlying case. In short, there is no basis to award De Robles attorney's fees under Section 627.428(1).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion **[D.E. 75]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of February, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record